UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TONY GARCIA,

    Plaintiff,

v.                                            Case No. 5:21-cv-22-RV-MJF

WELLPATH MEDICAL, *et al.,*

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 13). Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Tony Garcia (DC# W54977), is a Florida prisoner confined at Santa Rosa Correctional Institution. (Doc. 13). Garcia initiated this lawsuit on December 21, 2020, by filing a civil rights complaint in the United States District Court for the Southern District of Florida. (Doc. 1). The case was transferred to this District Court on January 20, 2021. (Doc. 5).

On January 29, 2021, this court ordered Garcia to file an amended complaint on the Northern District's civil rights complaint form. (Doc. 9). The court mailed Garcia the proper form. (*Id*.). Garcia filed his amended complaint on April 21, 2021. (Doc. 13 at 1). Instead of completing the court's typewritten form, Garcia copied the form in his own handwriting, and completed the form. (*Id*.). Garcia's handwritten complaint is identical to the Northern District's complaint form in all material respects.

Garcia's amended complaint names approximately thirteen Defendants. (*Id*. at 1-17).[2] Garcia claims that the Defendants violated his Eighth-Amendment rights from May 2018, to the present in the following ways: (1) three correctional officer Defendants used excessive force on Garcia; (2) a medical Defendant failed to

---

[2] Garcia lists fifteen Defendants on the second page of his complaint, but provides information for only thirteen Defendants. (*Compare* Doc. 13 at 2 *with* Doc. 13 at 5-17).

provide adequate medical care for Garcia's elbow injury sustained during the use of force; (3) other medical Defendants failed to provide adequate medical care for Garcia's unrelated internal bleeding; and (3) a medical Defendant and two correctional officer Defendants, separately, filed false disciplinary charges against Garcia. As relief, Garcia seeks declaratory relief, injunctive relief, compensatory damages and punitive damages. (*Id*. at 27-28).

## II. DISCUSSION

### A. Screening of Garcia's Amended Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and

the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.**     **Garcia's Reponses to Questions on the Complaint Form**

Garcia's amended complaint responds to questions on the complaint form that require him to disclose his litigation history. (Doc. 13 at 18-20). The first question, Question (A), asks: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action?" (*Id*. at 18). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Garcia marked "No," and disclosed no cases. (*Id*.).

The second question, Question (B), asks: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (*Id*.). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Garcia marked "No," and disclosed no cases. (*Id*. at 18-19).

The next question, Question (C), asks: "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*Id*. at 19). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Garcia marked "No," and disclosed no cases. (*Id*.)

Lastly, Question (D) asks: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (*Id*.). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), Garcia marked "No," and disclosed no cases. (*Id*. at 19-20).

At the end of his amended complaint, Garcia wrote: "I Declare under Penalty of Perjury That the Foregoing Statement of Fact, Including All Continuation Pages, Are True And Correct." (*Id*. at 28). Garcia then signed his name. (*Id*.). Thus, Garcia

has in effect stated that at the time he signed his amended complaint on April 21, 2021, he had not initiated any other action in federal court that related to the conditions of his confinement.

**C.     Garcia's Omission**

The court takes judicial notice that, at the time Garcia filed his amended complaint in this case on April 21, 2021, he had initiated another civil action in this court that required disclosure. On March 21, 2021, Garcia filed a civil rights complaint in this Court against the Warden of Santa Rosa CI, claiming that the conditions of his confinement violate the Eighth Amendment because he was refused a workable "handicap toilet." *See Garcia v. Leavins*, Case No. 3:21-cv-00514-LC-HTC. That lawsuit remains pending. The lawsuit is attributable to Garcia because it bears his DC number: W54977. Garcia was required to disclose this lawsuit in response to Question (C), because it relates to the conditions of his confinement. Garcia did not disclose the case. (Doc. 13). Garcia's omission violates his duty of candor to this court.

**D.     Materiality of Garcia's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the

> action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc*. 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own

dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Garcia falsely responded to a question on the complaint form as detailed above. Garcia knew that the disclosure of his other case was required. A penalty is warranted both to deter Garcia from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E. **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Garcia's false response to go unpunished. *See, e.g., Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing without prejudice prisoner's amended complaint for abuse of the judicial process;

prisoner's amended complaint failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint). If Garcia suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Garcia's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *Redmon*, 414 F. App'x at 226; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would deter this type of conduct. For example, providing Garcia an opportunity to amend his complaint to disclose the additional lawsuit would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 26th day of May, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**